The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMANDA COX,<br><br>    Plaintiff,<br><br>    v.<br><br>CASH FLOW INVESTMENTS, INC., d/b/a Westside Pizza, a Washington corporation; and TANNER STEPHENS, and his marital community,<br><br>    Defendants. | NO.  3:17-cv-05495 RBL<br><br>DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER, ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-PARTY COMPLAINT<br><br>**NOTE ON MOTION CALENDAR:**<br>**April 6, 2018** |

## I. OVERVIEW AND RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 14(a), 15, and 19(a) Defendants Cash Flow Investments, Inc., and Tanner Stephens (collectively "Defendants") move this Court for an order granting Defendants leave to amend their Answer to add affirmative defenses, add a counterclaim, and file a third-party complaint against Lukas Cox, Defendant Westside Pizza's former employee and the Plaintiff Amanda Cox's former manager and current husband.  Pursuant to Fed. R. Civ. P. 15 (a), leave to amend "shall be freely given when justice so requires."  In this instance, leave should be granted to allow Defendants to amend their Answer to assert additional affirmative defenses and a counterclaim because justice so requires.

Further, pursuant to Fed. R. Civ. P. 14(a), defendants may move the court to implead a third-party "who is liable to it for all or part of the plaintiff's claim against it."  Moreover,

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER, ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-PARTY COMPLAINT- 1
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6375344.2

Lukas Cox is a person required to be joined if feasible—a necessary party—under Fed. R. Civ. P. 19 (a). Plaintiff Amanda Cox's Complaint (the "Complaint") sets forth allegations against Defendants under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), the Washington Law Against Discrimination, RCW 49.60, *et seq.* ("WLAD"); the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206, *et seq.* ("EPA"); and Washington's Equal Pay Act, RCW 49.12.175, *et seq.* ("WEPA"). *See* Complaint Dkt. No.1. Specifically, Plaintiff Amanda Cox makes numerous allegations against Defendants stemming from her employment with Defendant Westside Pizza. *See id.* However, many of Plaintiff Amanda Cox's allegations encompass actions undertaken by her former manager and current husband, Lukas Cox. *See id.* Thus, Lukas Cox is a necessary party to this action.

Plaintiff Amanda Cox will not suffer any prejudice as a result of the proposed amendment to Defendants' Answer or by filing a third-party complaint against Lukas Cox. Given that the third-party claims against the potential Third-Party Defendant Lukas Cox arise from the same alleged facts and occurrences, judicial efficiency will be served. It is also unlikely any party would be prejudiced by Defendants' amendment to their Answer or by filing a third-party complaint. As a result, Defendants should be granted leave to amend their Answer to assert additional affirmative defenses, add a counterclaim, and file a third-party complaint against Lukas Cox who is a necessary party to this action. The proposed amended Answer and Third-Party Complaint is provided as **Exhibit 1** to the Declaration of Reshvin P. Sidhu filed herein.

## II.  STATEMENT OF FACTS

This matter arises out of Plaintiff Amanda Cox's claims against Defendants. As demonstrated in the attached Amended Answer and Third-Party Complaint, Plaintiff Amanda Cox's claims against Defendants are based on her allegations against her managers. Thus, Lukas Cox, Plaintiff Amanda Cox's former manager, may be liable under Chapter 49.60 RCW.

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER, ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-PARTY COMPLAINT- 2
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6375344.2

A. <u>Lukas Cox's Employment History at Westside Pizza.</u>

Lukas Cox was hired in May 2012 as a Pizza Delivery Driver for Westside Pizza. Third-Party Complaint ¶ 6. Lukas Cox then became an Insider and Shift Closer in May 2013 for Westside Pizza. *Id*. at ¶ 7. Shortly thereafter, Lukas Cox became the Assistant Manager in October 2013 for Westside Pizza. *Id*. at ¶ 8. Then, in July 2014, Lukas Cox became the General Manager for Westside Pizza. *Id*. at ¶ 9.

B. <u>Lukas Cox, Plaintiff's Former Manager and Current Husband, was Aware of, Participated in, and Failed to Take Appropriate Action in Response to Plaintiff's Allegations That She Was Sexually Harassed While Employed with Defendants.</u>

While employed with Defendant Westside Pizza, Lukas Cox began a romantic relationship with Plaintiff Amanda Cox. Third-Party Complaint, ¶ 10. While employed with Defendant Westside Pizza, Lukas Cox became engaged to Plaintiff Amanda Cox. *Id*. at ¶ 11. While employed with Defendant Westside Pizza, Lukas Cox and Plaintiff Amanda Cox were married on January 8, 2015. *Id*. at ¶ 12. Lukas Cox and Plaintiff Amanda Cox are currently married. *Id*. at ¶ 13.

Plaintiff Amanda Cox alleges that, while employed with Defendant Westside Pizza, she was subjected to acts of sexual harassment; however, she failed to allege that her then-fiancé and now husband was aware of such conduct, participated in such conduct, and failed to take appropriate action in response to such conduct. *Id*. at ¶ 14-15.

Additionally, while employed as a manager with Defendant Westside Pizza, Lukas Cox created a tense and uncomfortable working environment for other female employees and permitted Plaintiff Amanda Cox to create a hostile working environment for other employees based upon their relationship. *Id*. at ¶ 16.

Moreover, while employed as a manager with Defendant Westside Pizza, Lukas Cox was aware of and responsible for enforcing Defendant Westside Pizza's policies prohibiting "[a]ny sexual harassment or violation of the law." *Id*. at ¶ 17. Lukas Cox even signed Defendant Westside Pizza's Employment Agreement, acknowledging that he read and

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER, ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-PARTY COMPLAINT- 3
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6375344.2

understood the provisions of the agreement and would observe all of Defendants' policies and procedures. *Id*. at ¶ 17. However, Lukas Cox failed to report any complaints of sexual harassment experienced by his then-fiancé and now wife, Plaintiff Amanda Cox. *Id*. at ¶ 18.

Plaintiff Amanda Cox's employment relationship was terminated on or about March 14, 2015. *Id*. at ¶ 19. Shortly thereafter, Lukas Cox voluntarily resigned on or about March 14, 2015, expressing that he was unhappy and discontent because Plaintiff Amanda Cox's employment relationship with Defendant Westside Pizza had terminated. *Id*. at ¶ 20.

Then, while still married to Lukas Cox, Plaintiff Amanda Cox submitted to the United States Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant Westside Pizza without revealing that her fiancé and now husband Lukas Cox was responsible for enforcement of Defendant Westside Pizza's non-discrimination and sexual harassment policies. *Id*. at ¶ 21.

Thereafter, on June 27, 2017, Plaintiff Amanda Cox filed the present Complaint in her name solely. *Id*. at ¶ 22. Defendants/Third-Party Plaintiffs have reason to believe that Plaintiff Amanda Cox's representations in her Complaint are false, materially insufficient, and set forth for purposes of benefiting the marital community of Plaintiff Amanda Cox and that of the potential Third-Party Defendant Lukas Cox. *Id*. at ¶ 23.

### III. ISSUE

Whether the Court should grant Defendants' Motion for Leave to Amend their Answer under Fed. R. Civ. P. 15(a), add a counterclaim, and file a third-party complaint against Plaintiff Amanda Cox's former manager and current husband Lukas Cox under Fed. R. Civ. P. 14(a) and 19?

### IV. EVIDENCE RELIED UPON

The Declaration of Reshvin P. Sidhu, the attached proposed Amended Answer and Third-Party Complaint, and the pleadings and files herein.

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER, ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-PARTY COMPLAINT- 4
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6375344.2

V. <u>ANALYSIS</u>

A. <u>The Liberal Standard of the Amendment of Pleadings.</u>

Fed. R. Civ. P. 15(a) states that leave to amend "shall be freely given when justice so requires." The United States Supreme Court has stated "this mandate is to be heeded." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). In fact, this policy is to be applied with extreme liberality. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal citation omitted). The primary purpose of Fed. R. Civ. P. 15(a) is to "facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Courts consider five factors in assessing the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (3) futility of amendment, and (5) whether the party has previously amended the pleading. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (internal citation omitted). Thus, the party opposing the motion for leave to amend bears the burden of demonstrating that a substantial reason exists to deny leave to amend. *California v. Walgreen Corp.*, 175 F.R.D. 631, 637 (N.D. Cal. 1997).

There is no reason to deny Defendants' Motion for Leave to Amend their Answer to assert additional affirmative defenses, add a counterclaim, and file a third-party complaint. First, Defendants are not requesting leave to amend their Answer to assert additional affirmative defenses, add a counterclaim, and file a third-party complaint in bad faith. Rather, after interviewing numerous witnesses, both past and current employees, Defendants only just learned of the factual basis for asserting additional affirmative defenses, adding a counterclaim, and filing a third-party complaint.

Second, Defendants' have no intent to cause undue delay. In fact, the deadline for joining additional parties is April 6, 2018, and the discovery cutoff is October 1, 2018.

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER, ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-PARTY COMPLAINT- 5
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6375344.2

Defendants investigated the claims and, in fact, are trying to assert additional affirmative defenses, add a counterclaim, and file a third-party complaint in time to meet the deadline to join an additional party; there is no undue delay to Plaintiff Amanda Cox.

Third, will be no prejudice to the opposing party—Plaintiff Amanda Cox. Defendants are fairly adjudicating this claim and, instead, stand to be prejudiced themselves if not allowed to amend their Answer to assert additional affirmative defenses, add a counterclaim, and file a third-party complaint.

Fourth, the proposed amendment is not futile. The amendment of the Answer to assert additional affirmative defenses, add a counterclaim, and file a third-party complaint again will allow Defendants to fairly adjudicate the action brought by Plaintiff Amanda Cox against them.

Fifth, as to the last factor, Defendants have not previously amended their Answer.

Therefore, Defendants should be allowed to amend their Answer to assert additional affirmative defenses, add a counterclaim, and file a third-party complaint.

B.  The Judicial Efficiency of Adding a Third-Party

Fed. R. Civ. P. 14(a) states that a defending party may, as the third-party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claims against it. Third-party claims should be allowed where such practice is in the interests of judicial economy, convenience, and fairness to the parties will thereby be served. *Donaldson v. U.S. Steel Corp.*, 53 F.R.D. 228, 229 (W.D. Pa. 1971). When a court decides whether or not a third-party is appropriately impleaded, it balances the benefit derived against any unreasonable prejudice that may occur to the plaintiff and third-party defendant. *Too, Inc. v. Kohl's Dep't Stores, Inc.*, 213 F.R.D. 138, 140 (S.D.N.Y. 2003).

Moreover, "[a]s long as a third-party action falls within the general contours limned by Rule 14(a), does not contravene customary jurisdictional and venue requirements, and will not work unfair prejudice, a district court should not preclude its prosecution." *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 650 (7th Cir. 2002)(citing *Lehman*

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER, ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-PARTY COMPLAINT- 6
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6375344.2

*v. Revolution Portfolio L.L.C*., 166 F.3d 389, 395 (1st Cir.1999)).  Thus, when a third-party complaint has been asserted by a defendant in a case through original jurisdiction, the court will have supplemental jurisdiction over the claims asserted therein under U.S.C. § 1367(a) because the third-party claims form part of the same case or controversy as the original claims in the case. *See* 28 U.S.C. § 1367(a); *see also Grimes v. Mazda N. Am. Operations*, 355 F.3d 566, 572 (6th Cir. 2004).

Plaintiff Amanda Cox's Complaint is based on federal question jurisdiction, and Defendant's third-party claims arise from the same facts as pleaded by Plaintiff Amanda Cox in her Complaint in this action; jurisdiction is proper in this case.  Judicial efficiency will be served by allowing Defendants to file a third-party complaint against Lukas Cox because all of the allegations against the culpable parties may be heard in a single lawsuit.  Moreover, no parties will be prejudiced because discovery is underway, and, in fact, Defendants may be prejudiced if not they are not allowed to file a third-party complaint against Lukas Cox before the April 6, 2018 deadline for joining additional parties.  Accordingly, Defendants should be allowed to file a third-party complaint against Lukas Cox.

C.   <u>Relief Cannot be Accorded Among the Existing Parties</u>

Fed. R. Civ. P. 19(a) states joinder is authorized of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue.  *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003).  An absent party is a necessary party if:

> **(1) in the person's absence complete relief cannot be accorded among those already parties**, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a) (emphasis added). In determining whether a party is indispensable, the court must consider: (1) plaintiff's interest in selecting the forum; (2) defendant's interest in avoiding multiple litigation, inconsistent relief or sole responsibility for

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER, ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-PARTY COMPLAINT- 7
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6375344.2

1 liability shared with others; (3) the interest of absent yet necessary parties; and (4) the interest

2 of courts and the public in complete, consistent and effective settlement of controversies. *John

3 Hancock Prop. & Cas. Co. v. Hanover Ins. Co.*, 859 F. Supp. 165, 168 (E.D. Pa. 1994)(citing

4 *Federal Deposit Insurance Corp. v. Beall*, 677 F. Supp. 279, 283 (M.D.Pa.1987).

5 Joinder of Lukas Cox in this action is required for a fair and complete resolution of the

6 dispute at issue. Defendants have a serious interest in avoiding multiple litigations or for being

7 held solely responsible for the actions of Lukas Cox. Moreover, the Court has an interest in

8 complete, consistent, and the effective settlement of controversies if all parties involved at

9 issue in a case can be resolved in one case.

## VI. CONCLUSION

11 For the foregoing reasons, Defendants' Motion for Leave to Amend their Answer to

12 assert additional affirmative defenses, add a counterclaim, and file a third-party complaint

13 against Lukas Cox should be granted.

DATED this 22nd day of March, 2018.

s/ Jerome L. Rubin
s/ Reshvin Sidhu
Jerome L. Rubin, WSBA #5803
Reshvin Sidhu, WSBA #51553
Attorneys for Defendants Cash Flow
Investments, Inc., d/b/a Westside Pizza, a
Washington corporation; and Tanner Stephens,
and his marital community
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
jrubin@williamskastner.com
rsidhu@williamskastner.com

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER, ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-PARTY COMPLAINT- 8
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6375344.2

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

***Attorneys for Plaintiff***

Scott C.G. Blankenship
Mark Allen Anderson
The Blankenship Law Firm P.S.
1000 Second Avenue, Suite 3250
Seattle, WA  98104
Ph:  (206) 343-2700
Fax: (206) 343-2704
sblankenship@blankenshiplawfirm.com
manderson@blankenshiplawfirm.com

DATED this 22nd day of March, 2018.

s/ Reshvin P. Sidhu
Reshvin Sidhu, WSBA #51553
Attorneys for Defendants Cash Flow Investments, Inc., d/b/a Westside Pizza, a Washington corporation; and Tanner Stephens, and his marital community
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
rsidhu@williamskastner.com

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER, ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-PARTY COMPLAINT- 9
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6375344.2