The Honorable Ronald B. Leighton

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMANDA COX,

        Plaintiff,

    v.

CASH FLOW INVESTMENTS, INC., d/b/a
Westside Pizza, a Washington corporation; and
TANNER STEPHENS, and his marital
community,

        Defendants.

NO.  3:17-cv-05495 RBL

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR LEAVE TO AMEND
ANSWER, ADD A COUNTERCLAIM,
AND LEAVE TO FILE A THIRD-PARTY
COMPLAINT

**NOTE ON MOTION CALENDAR:
April 6, 2018**

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER,
ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-
PARTY COMPLAINT
( 3:17-cv-05495 RBL)

6408295.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## I. REPLY

Plaintiff's Opposition confuses the standard for amending a pleading with that of the standard for filing a third-party complaint to the Court. Plaintiff fails to understand the distinction between the two legal processes.  In short, Plaintiff cannot misstate the law in order to detract from the legal issues and peculiar facts presented in this case.

Plaintiff <u>unambiguously</u> claims in her Complaint that "**[m]ale employees and managers made ongoing sexual comments to and about Ms. Cox**…." Dkt. 1, p. 3, ¶24(b).

Although, Plaintiff Amanda Cox filed her Complaint alleging that Defendants Cash Flow Investments, Inc. d/b/a Westside Pizza and Tanner Stephens (collectively "Defendants") subjected her to sexual harassment, discrimination, and retaliation, what Plaintiff Amanda Cox <u>failed to mention</u> was that she worked side-by-side with her former-manager, current-husband, and Potential Third-Party Defendant, Lukas Cox—Plaintiff Amanda Cox was his direct report. In fact, Plaintiff Amanda Cox and Lukas Cox began a romantic relationship, became engaged, and eventually married, all *while still employed* with Defendant Westside Pizza.

This is noteworthy for the following reason: as Plaintiff Amanda Cox's <u>manager</u>, first and foremost, Lukas Cox <u>failed to report</u> *any* complaints of sexual harassment experienced by his former-subordinate/girlfriend/fiancé, current-wife, as alleged in her Complaint, whatsoever, either by him or others to Defendant Westside Pizza.  In fact, Plaintiff Amanda Cox, herself, wholly <u>failed to report</u> *any* form of sexual harassment, discrimination, or retaliation experienced by her to Defendant Westside Pizza. The Complaint was the first time Defendants had even heard of *any* of the allegation(s) contained in Plaintiff Amanda Cox's Complaint.

Interestingly enough, once the instant lawsuit began, and Defendants began interviewing both former and current employees, it became clear that Plaintiff Amanda Cox's former-manager, current-husband <u>engaged in the conduct</u> she alleges against Defendants. Nonetheless, Plaintiff Amanda Cox named Defendants as the culpable parties—who had no knowledge of, no opportunity to investigate, and no opportunity to take action on her behalf

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER, ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-PARTY COMPLAINT- 1
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6408295.3

1  with regard to her allegations of sexual harassment, discrimination, and retaliation.

2        Nevertheless, Plaintiff Amanda Cox and her former-manager, current-husband Lukas

3  Cox decided to bring this action in her name solely so as to avoid implicating him in this matter

4  for the sole purpose of benefitting the marital community.  As Plaintiff's manager, Lukas Cox

5  failed to report and was required not to participate in unlawful conduct; he failed to do so.  In

6  essence, Plaintiff Amanda Cox now seeks to have the marital community profit from her

7  former-manager, current husband's wrongdoing at Defendants' expense.  This is inequitable

8  and does not pass the proverbial smell test.

9  A.    The Standard For Permitting Joinder of a Third-Party Defendant Does Not Include
        Factors Such as Bad Faith and Futility.

10        Plaintiff's position that Defendants' Motion for Leave to File a Third-Party Complaint

11 is brought in bad faith and is futile is not supported by the standards governing Federal Rules

12 of Civil Procedure 14 relating to Third-Party Practice.  Plaintiff confuses this standard with that

13 of FRCP 15—the amendment of pleadings, which includes an inquiry into whether the

14 *amended pleadings* is brought in bad faith and is otherwise futile.  However, in considering

15 whether to permit *the joinder of third-party defendants* under FRCP 14, courts consider:

16        (1) the timeliness of the motion; (2) whether the filing of the third-party
        complaint will introduce an unrelated controversy or will unduly complicate the
17        case to the prejudice of the plaintiff; and (3) whether the third-party complaint
        will avoid circuity of action and settle related matters in one law suit.
18

19 *Saunders v. Jim Emes Petroleum Co., Inc*., 101 F.R.D. 405, 407 (W.D. Pa. 1983).

20        Indeed, the main purpose behind FRCP 14 is to "avoid 'circuity of action[s]' and settle

21 related matters in one litigation."  *Id*. (internal citations omitted).  FRCP 14 "was designed to

22 permit the liberal joinder of parties so that judicial energy could be conserved and consistency

23 of results guaranteed."  *State of N.Y. v. Solvent Chem. Co., Inc*., 875 F. Supp. 1015, 1021

24 (W.D.N.Y. 1995) (internal citation omitted).   Its purpose is "to promote judicial efficiency by

25 eliminating the necessity for the defendant to bring a separate action against [a third party] who

26 may be secondarily or derivatively liable...." *Id*. (citing *McLaughlin v. Biasucci*, 688 F.Supp.

27

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER,
ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-
PARTY COMPLAINT- 2
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6408295.3

965, 967 (S.D.N.Y.1988)). Typically, courts will balance the benefits derived from the third-party complaint against the potential prejudice to the plaintiff such as unduly delaying or complicating trial. *See id.*

Defendants seek to join Lukas Cox in this litigation in order to conserve judicial energy in favor of judicial economy. Defendant's third-party claims against Lukas Cox arise from the same facts as pled by Plaintiff Amanda Cox in her Complaint against Defendants, whom she conveniently failed to mention was responsible for the acts she alleges. Although Plaintiff now claims she didn't allege anything against Lukas Cox, she in fact did: "[m]ale employees and managers made ongoing sexual comments to and about Ms. Cox…." Dkt. 1, p. 3, ¶24(b).

Thus, in denying Defendants the ability to bring all of the claims in one action before this Court, Defendants will be forced to bring a separate action where they would have to wait until the outcome of this action and then sue independently. Rather, the Court can resolve this matter now, while Plaintiff's claim is being adjudicated. Moreover, Plaintiff will not suffer any prejudice as a result of the Third-Party Complaint. In fact, Defendants stand to be prejudiced themselves if not allowed to join Lukas Cox as the deadline for joining additional parties is April 6, 2018. Further, Defendants are seeking to join Lukas Cox ahead of the discovery cut-off on October 1, 2018, and trial on January 28, 2019.

Yet, Plaintiff does not even discuss the afore-mentioned factors courts consider in permitting joinder of a third-party defendant in her Opposition. Instead, Plaintiff asserts that Defendants engaged in bad faith by bringing the Third-Party Complaint against Lukas Cox because 1) Plaintiff believes that Defendants lack standing, 2) Plaintiff believes it would create additional grounds for liability against Defendants in bringing the Third-Party Complaint, and 3) Plaintiff does not believe Lukas Cox is a necessary party. *See* Dkt. 19, pp. 2-5.

Assuming *arguendo* that the standard for filing a third-party complaint includes bad faith, Plaintiff fails to allege *how* Defendants acted in bad faith other than set forth conclusory statements. A movant's bad faith must be apparent from evidence of record. *See Koch v. Koch*

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER, ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-PARTY COMPLAINT- 3
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6408295.3

1    *Indus.*, 127 F.R.D. 206, 211 (D. Kan. 1989).  That is not the case here.  On the contrary,

2    Defendants conducted reasonable inquiry and have a good faith belief that the claims are well-

3    grounded in fact and not interposed for any improper purpose, in compliance with FRCP 11.

4    Only after thorough investigation, did Defendants find information valid to support their

5    allegations against Plaintiff Amanda Cox's former-manager, current-husband Lukas Cox.

6           Still, Plaintiff goes on to assert that Defendants' Third-Party Complaint is <u>futile</u>

7    because Plaintiff does not believe that 1) Lukas Cox breached his fiduciary duty owed to

8    Defendants by (allegedly not) engaging in sexual harassment against his wife Plaintiff Amanda

9    Cox, and 2) Lukas Cox engaged in civil conspiracy with his wife Plaintiff Amanda Cox in

10   bringing the underlying action.

11          Here, again, futility is not part of the standard for filing a third-party complaint.

12   Defendants are filing a third-party complaint, alleging facts and claims against Lukas Cox in a

13   manner consistent with filing a complaint brought in an independent action.  Although Plaintiff

14   wants to ignore the *actual* standard governing the joinder of a third-party defendant and jump

15   into a FRCP 12(b)(6) analysis, that is not appropriate at this juncture for the mechanism of

16   joining a third-party.  So long as Defendants comply with the aforementioned factors under

17   FRCP 14, the Court should exercise sound discretion in allowing Defendants to add Plaintiff

18   Amanda Cox's former-manager, current-husband Lukas Cox as a third-party defendant to this

19   action.[1]

20          Even so, Defendants can prove that Lukas Cox breached his fiduciary duty to

21   Defendants.  Plaintiff, in fact, points to no authority establishing that Washington law allows

22   managers to act outside the scope of their duty in failing to report or correct acts, including

23   their own, of sexual harassment, discrimination, and retaliation thus breaching the fiduciary

24   duties owed to their employer. Plaintiff essentially argues that Lukas Cox did nothing wrong

25

26   ----
     [1] *Farmers & Merchants Mut. Fire Ins. Co. v. Pulliam*, 481 F.2d 670, 673 (10th Cir. 1973) (holding that the
     granting of leave of a defendant to prosecute a third party proceeding under F.R.C.P. 14 rests in the sound
27   discretion of the trial court).

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER,
ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-
PARTY COMPLAINT- 4
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6408295.3

1   when he engaged in sexual harassment and discrimination and then failed to report his own

2   acts, in addition to the alleged actions of others, relating to allegations Plaintiff Amanda Cox

3   sets forth in her Complaint.

4         Moreover, Defendants can prove that Lukas Cox engaged in civil conspiracy and

5   collusion in helping Plaintiff Amanda Cox, his wife, bring this action, as a result of his own

6   acts, against Defendants.  On information and belief, and after reasonable investigation, this

7   Complaint was brought in furtherance of a common purpose of both Plaintiff Amanda Cox and

8   Lukas Cox.[2] Regardless, the collusion and conspiracy claims must be placed in front of the fact

9   finder because this claim can be proven either by clear and cogent evidence or circumstantial

10   evidence which is within the province of the Court.[3]

11         After Defendants interviewed former and current employees, it has been brought to

12   light that this isn't a mere commonality of interests or a matter of coincidence as Plaintiff puts

13   it.  The allegations in Plaintiff's Complaint were a product of her husband's actions and

14   inactions.  This is inequitable and brought to benefit the marital community.  The Court should

15   be able to hear all of this at once with all of the relevant parties, witnesses, and evidence before

16   it, in the name of judicial economy—not adjudicate these legal issues in a Motion for Leave to

17   Amend an Answer and Leave to File a Third-Party Complaint.  Plaintiff Amanda Cox simply

18   wishes Defendants turn a blind-eye to her and her husband's scheme; that simply cannot

19   happen.

20   B.   Plaintiff's Claim that the Amendment of Defendants' Answer to Assert a Counterclaim
        Against Amanda Cox is Futile is Without Merit.

21

22         The only argument Plaintiff advances against Defendants amending their Answer is that

23

24   [2] *Sterling Bus. Forms, Inc. v. Thorpe*, 82 Wn. App. 446, 453, 918 P.2d 531, 534 (1996)  ("To establish liability for
conspiracy, it is sufficient if the proof shows concert of action or other facts and circumstances from which the

25   natural inference arises that the unlawful overt act was committed in furtherance of a common design, intention,
and purpose of the alleged conspirators. In other words, circumstantial evidence is competent to prove
conspiracy.").

26   [3] *Id*. ("Since direct evidence of a conspiracy is ordinarily in the possession and control of the alleged conspirators
and is seldom attainable, a conspiracy is usually susceptible of no other proof than that of circumstantial

27   evidence… the entire alleged conspiracy should be placed before the finder of fact." ).

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER,
ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-
PARTY COMPLAINT- 5
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6408295.3

1  doing so is futile.  Admittedly, this time, Plaintiff used the *correct* standard for this argument.

2  Nonetheless, FRCP 15(a), which states that leave to amend "shall be freely given when justice

3  so requires," has been liberally construed in the absence of prejudice. *Manhattan Fuel Co., Inc.*

4  *v. New England Petroleum Corp.*, 422 F. Supp. 797, 802 (S.D.N.Y. 1976) (citing *Foman v.*

5  *Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, (1962)).  Consequently, when a district court denies a

6  plaintiff such an opportunity, its decision will be reviewed rigorously on appeal. R*unnion ex*

7  *rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir.

8  2015).

9  Defendants should lawfully be able to put forth evidence to the Court and allow it to

10  make a determination using its function as the fact-finder. This action is in the early stages of

11  litigation with discovery deadlines and trial scheduled at least five months out.  The Court

12  should grant Defendants the opportunity to amend their Answer to add a counterclaim against

13  Plaintiff because no prejudice exists or is even alleged.

14  C.  <u>Defendants Pled Civil Conspiracy and Collusion Consistent with FRCP 9(b) and
    Washington Law.</u>

15
16  Contrary to Plaintiff's position, Defendants meet the heightened pleading standards of

17  FRCP 9(b), in adequately alleging that Plaintiff Amanda Cox and her former-manager, current-

18  husband engaged in a civil conspiracy under Washington law.  Although it is true that there

19  must be clear, cogent, and convincing evidence of a civil conspiracy, it is also true, under

20  Washington law, that a finding of conspiracy may be based on circumstantial evidence, as

21  mentioned above.  *Sterling*, 82 Wn. App. at 451.  The facts in this case are unique, and

22  Defendants met the heightened pleading standard of FRCP 9.

23  II.  <u>CONLCUSION</u>

24  For the foregoing reasons, Defendants' Motion for Leave to Amend their Answer, Add

25  a Counterclaim, and Leave to File a Third-Party Complaint should be granted.

26
27

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER,
ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-
PARTY COMPLAINT- 6
( 3:17-cv-05495 RBL)

6408295.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

DATED this 6th day of April, 2018.

2

3                                             s/ Jerome L. Rubin
                                              s/ Reshvin Sidhu
                                              Jerome L. Rubin, WSBA #5803
4                                             Reshvin Sidhu, WSBA #51553
                                              Attorneys for Defendants Cash Flow
5                                             Investments, Inc., d/b/a Westside Pizza, a
                                              Washington corporation; and Tanner Stephens,
6                                             and his marital community
                                              WILLIAMS, KASTNER & GIBBS PLLC
7                                             601 Union Street, Suite 4100
                                              Seattle, WA 98101-2380
8                                             Telephone:  (206) 628-6600
                                              Fax:  (206) 628-6611
9                                             jrubin@williamskastner.com
                                              rsidhu@williamskastner.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER,                    **Williams, Kastner & Gibbs PLLC**
ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-                   601 Union Street, Suite 4100
PARTY COMPLAINT- 7                                              Seattle, Washington 98101-2380
( 3:17-cv-05495 RBL)                                           (206) 628-6600

6408295.3

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on this day, I electronically filed the foregoing with the Clerk of

3    the Court using the CM/ECF system which will send notification of such filing to the

4    following:

5    ***Attorneys for Plaintiff***

6    Scott C.G. Blankenship
     Mark Allen Anderson
7    The Blankenship Law Firm P.S.
     1000 Second Avenue, Suite 3250
8    Seattle, WA  98104
     Ph:  (206) 343-2700
9    Fax: (206) 343-2704
10   sblankenship@blankenshiplawfirm.com
     manderson@blankenshiplawfirm.com
11

12

13       DATED this 6th day of April, 2018.

14

15                       s/ Reshvin P. Sidhu
                           Reshvin Sidhu, WSBA #51553
16                    Attorneys for Defendants Cash Flow
                        Investments, Inc., d/b/a Westside Pizza, a
17                    Washington corporation; and Tanner Stephens,
                        and his marital community
18                    WILLIAMS, KASTNER & GIBBS PLLC
                        601 Union Street, Suite 4100
19                    Seattle, WA 98101-2380
                        Telephone:  (206) 628-6600
20                    Fax:  (206) 628-6611
                        rsidhu@williamskastner.com
21

22

23

24

25

26

27

DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER,
ADD A COUNTERCLAIM, AND LEAVE TO FILE A THIRD-
PARTY COMPLAINT- 8
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6408295.3