1

The Honorable Ronald B. Leighton

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8
AT TACOMA

9
AMANDA COX,

NO.  3:17-cv-05495 RBL

10
            Plaintiff,

DEFENDANTS' OPPOSITION TO
PLAINTIFF AMANDA COX'S AND
THIRD-PARTY DEFENDANT LUKAS
11
     v.

COX'S RULE 12(b)(6) MOTION TO
DISMISS DEFENDANTS' CLAIMS FOR
12
CASH FLOW INVESTMENTS, INC., d/b/a

CIVIL CONSPIRACY AND BREACH OF
Westside Pizza, a Washington corporation; and
FIDUCIARY DUTY
TANNER STEPHENS, and his marital
13
community,

14

            Defendants and Third Party
15
            Plaintiffs.

16
     v.

17
LUKAS COX,

18
            Third Party Defendant.

19

20

21

22

23

24

25

26

27
DEFENDANTS' OPPOSITION TO PLAINTIFF AMANDA COX'S
AND THIRD-PARTY DEFENDANT LUKAS COX'S RULE 12(b)(6)
MOTION TO DISMISS DEFENDANTS' CLAIMS FOR CIVIL
CONSPIRACY AND BREACH OF FIDUCIARY DUTY - 1
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6518802.2

I.  INTRODUCTION

Defendants Cash Flow Investments, Inc., and Tanner Stephens (collectively "Defendants") respectfully request this Court enter an order denying Plaintiff Amanda Cox's ("Amanda Cox") and Third-Party Defendant Lukas Cox's ("Lukas Cox") Motion to Dismiss Defendants' claims for Civil Conspiracy against both Amanda Cox and Lukas Cox and Breach of Fiduciary Duty and Violation of Washington Law against Discrimination against Lukas Cox.  Amanda Cox's and Lukas Cox's Motion to Dismiss attempts to rewrite Defendants' causes of actions, claiming that Defendants' claims are based on Lukas Cox's sexual harassment of Amanda Cox.  However, these are not Defendants' claims.

Amanda Cox's and Lukas Cox's Motion to Dismiss should be denied because 1) Defendants have standing to bring claims against both Amanda Cox and Lukas Cox for civil conspiracy and collusion, 2) Defendants have suffered damages as a result of their actions, 3) Amanda Cox and Lukas Cox combined to accomplish an unlawful purpose, 4) Defendants' civil conspiracy and collusion claims meet the heightened pleading standard of FRCP 9(b), 5) Lukas Cox owed Defendants a fiduciary duty as the manager to not engage in and report acts of sexual harassment, 6) Lukas violated Washington Law Against Discrimination, and 7) although Amanda Cox has a legal right to file a lawsuit seeking redress for allegations of sexual harassment, Defendants, too, have the right to seek redress for an otherwise unfounded and malicious lawsuit instituted against them.

II.  FACTS

Lukas Cox was hired in May 2012 as a Pizza Delivery Driver for Westside Pizza. Third-Party Complaint, Dkt. 32, ¶ 6.  In July 2014, Lukas Cox became the General Manager for Westside Pizza.  *Id*. at ¶ 9.

DEFENDANTS' OPPOSITION TO PLAINTIFF AMANDA COX'S AND THIRD-PARTY DEFENDANT LUKAS COX'S RULE 12(b)(6) MOTION TO DISMISS DEFENDANTS' CLAIMS FOR CIVIL CONSPIRACY AND BREACH OF FIDUCIARY DUTY - 2 ( 3:17-cv-05495 RBL)

6518802.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    While employed with Defendants, Lukas Cox began a romantic relationship with
2    Amanda Cox.  *Id*., ¶ 10.  Lukas Cox and Amanda Cox were married on January 8, 2015.  *Id*. at
3    ¶ 12.  Lukas Cox and Amanda Cox are presently married.  *Id*. at ¶ 13.

4    Amanda Cox's employment relationship was terminated on March 14, 2015.  *Id*. at ¶
5    20.  Lukas Cox voluntarily resigned that same day.  *Id*. at ¶ 21. Afterwards, Amanda Cox
6    initiated the current law suit against Defendants.  *See* Complaint for Damages, Dkt. 1.  Amanda
7    Cox alleges that, while employed with Defendants, she was subjected to acts of sexual
8    harassment and a hostile work environment; however, she failed to allege that Lukas Cox was
9    aware of such conduct, engaged in such conduct, condoned such conduct, and failed to take
10   appropriate action in response to such conduct.  Third-Party Complaint, Dkt. 32, ¶ 50.

11   Defendants, after investigating Amanda Cox's complaint discovered that Lukas Cox
12   committed the very acts Amanda Cox alleged in her Complaint.  Upon information and belief,
13   Amanda Cox and Lukas Cox conspired and colluded with each other to institute the underlying
14   action, with knowledge that the allegations were false, unfounded, misleading, and with the
15   intent to wrongfully shielding Lukas Cox from liability, so that liability falls solely on
16   Defendants.  On May 18, Defendants filed their Amended Answer, Affirmative Defenses,
17   Amended, Counterclaim to Complaint for Damages, and Amended Third-Party Complaint.

18                                             III.  <u>LAW</u>

19   "The court may not dismiss a cause of action for failure to state a claim unless it
20   appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of
21   recovery that would entitle him or her to relief."  *Gilmore v. List & Clark Const. Co.*, 862
22   F.Supp. 294, 297 (D. Kan. 1994).  The pleadings are to be liberally construed, and all
23   reasonable inferences are viewed in favor of the nonmoving party.  *Id*.

24   While it is true that threadbare recitals of the elements of a cause of action, supported
25   by mere conclusory statements, do not survive a motion to dismiss, **courts "must take all of**

26

27   DEFENDANTS' OPPOSITION TO PLAINTIFF AMANDA COX'S
     AND THIRD-PARTY DEFENDANT LUKAS COX'S RULE 12(b)(6)
     MOTION TO DISMISS DEFENDANTS' CLAIMS FOR CIVIL
     CONSPIRACY AND BREACH OF FIDUCIARY DUTY - 3
     ( 3:17-cv-05495 RBL)

     **Williams, Kastner & Gibbs PLLC**
     601 Union Street, Suite 4100
     Seattle, Washington 98101-2380
     (206) 628-6600

1  **the factual allegations in the complaint as true**[,]" but are not bound to accept legal

2  conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).

3          Thus, the issue in resolving a motion such as this is not whether the nonmoving party

4  will ultimately prevail on their claims, but whether they are entitled to offer evidence to

5  support their claims.  *Id.*  This is made possible by the "liberal opportunity for discovery and

6  the other pretrial procedures established by the Federal Rules of Civil Procedure to disclose

7  more precisely the basis of both claim and defense and to define more narrowly the disputed

8  facts and issues."  *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir.

9  2003).  Therefore, a complaint states a claim upon which relief can be granted and a motion to

10  dismiss must be denied if a party could recover upon any state of facts which might be proved

11  under the allegations as laid.  *Skinner v. U.S.*, 209 F.Supp. 854, 856 (E.D. Ill. 1960).

12                                IV.  ARGUMENT

13  **A.      Defendants Have Standing to Assert Claims Against Amanda Cox and Lukas Cox.**

14          In order for a party to have standing, that party must have a sufficient stake in an

15  otherwise justiciable controversy to obtain judicial resolution of that controversy.  *Sierra Club*

16  *v. Morton*, 405 U.S. 727, 732 (1972).  Amanda Cox and Lukas Cox assert that "Defendants

17  lack standing to claim harassment on behalf of Ms. Cox," and therefore the motion to dismiss

18  must be granted. Motion to Dismiss, Dkt. 35, p. 7.  The basis of Amanda Cox's and Lukas

19  Cox's assertion that Defendants lack standing stems from their claim that "Plaintiff Amanda

20  Cox was the victim of sexual harassment – not Defendant" and the "allegation [of sexual

21  harassment] provides the foundational basis for all three of Defendant[s] Claims."  Motion to

22  Dismiss, Dkt. 35, p. 7.  This assertion has no merit in law or in fact.  In claiming that

23  Defendant's lack standing, Amanda Cox and Lukas Cox either misconstrue or are attempting to

24  rewrite Defendants' causes of action.

25

26

27  DEFENDANTS' OPPOSITION TO PLAINTIFF AMANDA COX'S
   AND THIRD-PARTY DEFENDANT LUKAS COX'S RULE 12(b)(6)
   MOTION TO DISMISS DEFENDANTS' CLAIMS FOR CIVIL
   CONSPIRACY AND BREACH OF FIDUCIARY DUTY - 4
   ( 3:17-cv-05495 RBL)

   **Williams, Kastner & Gibbs PLLC**
   601 Union Street, Suite 4100
   Seattle, Washington 98101-2380
   (206) 628-6600

   6518802.2

1    Defendants' claims are not grounded in Amanda Cox's allegation of sexual harassment,

2    but are rather separate and independent causes of action.  Defendants alleged, in each action,

3    that either Amanda Cox or Lukas Cox took specific wrongful actions in an effort to damage

4    Defendants.  For example, in their action for civil conspiracy, Defendants allege that Amanda

5    Cox and Lukas Cox conspired and colluded to institute a false, unfounded, and misleading

6    action for the purpose of damaging Defendants.  Amended Third Party Complaint, Dkt. 32, ¶¶

7    25-34; 58-65.  In regards to their action for Breach of Fiduciary Duty, Defendants allege Lukas

8    Cox[1] breached his fiduciary duty owed to Defendants when he acted outside the scope of his

9    duties, and pursuant to his own interest, by (1) engaging in sexual harassment; (2) creating a

10   hostile work environment; (3) failing to report unlawful conduct to Defendants; and (4) failing

11   to "take appropriate actions in response to such alleged conduct in direct violation of WLAD

12   Chapter 49.60 RCW." Third Party Complaint, Dkt. 32, ¶¶ 66-73.  Defendants' action against

13   Lukas Cox for violation of the Washington Law Against Discrimination asserts that Lukas

14   Cox's breach of the aforementioned fiduciary duty caused injury to Defendants and subjects

15   Lukas Cox to personal liability.

16   Amanda Cox and Lukas Cox provide no support for their assertion that Defendants do

17   not have standing to bring these causes of action—as there is none.  Despite Amanda Cox's

18   and Lukas Cox's assertion, Defendants assert a cause of action separate and independent from

19   Amanda Cox's claim of sexual harassment against Defendants.   In each of their claims,

20   Defendants have alleged to be damaged and also have a sufficient stake in a justiciable

21   controversy.  As such, Defendants have standing to bring these claims against Amanda Cox

22   and Lukas Cox.  Accordingly, Amanda Cox's and Lukas Cox's Motion to Dismiss must be

23   denied.

24

25

26   [1] Indeed, there is no merit in the assertion that Amanda Cox's sexual harassment cause of action against
     Defendants would prevent Defendants from filing an action against Lukas Cox.

27   DEFENDANTS' OPPOSITION TO PLAINTIFF AMANDA COX'S         **Williams, Kastner & Gibbs PLLC**
     AND THIRD-PARTY DEFENDANT LUKAS COX'S RULE 12(b)(6)     601 Union Street, Suite 4100
     MOTION TO DISMISS DEFENDANTS' CLAIMS FOR CIVIL          Seattle, Washington 98101-2380
     CONSPIRACY AND BREACH OF FIDUCIARY DUTY - 5             (206) 628-6600
     ( 3:17-cv-05495 RBL)

     6518802.2

1

2

**B.    Amanda Cox's and Lukas Cox's Motion to Dismiss Must Be Denied Because, Defendants Have Suffered Damages.**

3

In their action for civil conspiracy, Defendants allege that Amanda Cox and Lukas Cox

4
conspired and colluded to institute a false, unfounded, misleading action for the purpose of

5
damaging Defendants.  Complaint, Dkt. 32, ¶¶ 25-34; 58-65.  Amanda Cox and Lukas Cox

6
argue this claim fails because Defendants have not suffered damages.  In support thereof,

7
Amanda Cox and Lukas Cox state (1) that Amanda Cox stipulates in writing that Lukas Cox

8
did not sexually harass her, (2) that, "[n]o viable sexual harassment claim based on the action

9
of Lukas Cox exists," (3) because Lukas Cox did not sexually harass Amanda, there can be no

10
damages, and (4) "[without] actual damages, the civil conspiracy claim fails as a matter of

11
law."  Motion to Dismiss, Dkt. 35, pp. 8-9.  This assertion fails for two reasons.

12
First, Amanda Cox and Lukas Cox ask the Court to disregard the law.  "To survive a

13
motion to dismiss, a complaint must contain sufficient factual matter, *accepted as true*, to state

14
a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct.

15
1937, 1949, 173 L. Ed. 2d 868 (2009) (internal citation omitted) (emphasis added).  Despite

16
this requirement, Amanda Cox and Lukas Cox ask the Court to disregard the law that the

17
allegations found in Defendants' counterclaim and third party complaint must be "accepted as

18
true."  Instead, Amanda Cox and Lukas Cox ask the court to make a determination as to

19
whether Defendants – the non-moving party – will ultimately prevail on their claims[2]. This is

20
improper as it is not the purpose of a motion to dismiss.  The function of a motion to dismiss is

21
not to determine whether the claims will ultimately prevail, but rather whether the allegations

22
as stated provide a plausible basis for relief.  Defendants have provided a plausible basis for

23
relief, therefore the Motion to Dismiss must be denied.

24

25

26

---

[2] In asking the court to rule on determine whether Defendants will ultimately prevail, Amanda Cox and Lukas Cox attached an affidavit from counsel attesting to how Amanda Cox would testify at trial.  Such an affidavit is improper, should not be considered by the Court, and should be stricken from the record.

27
DEFENDANTS' OPPOSITION TO PLAINTIFF AMANDA COX'S
AND THIRD-PARTY DEFENDANT LUKAS COX'S RULE 12(b)(6)
MOTION TO DISMISS DEFENDANTS' CLAIMS FOR CIVIL
CONSPIRACY AND BREACH OF FIDUCIARY DUTY - 6
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6518802.2

1    Second, Amanda Cox and Lukas Cox, again, take a narrow and misguided view of

2    Defendants' claims.  As previously stated, Defendants' civil conspiracy claim is not founded in

3    the issue of whether Lukas Cox sexually harassed Amanda Cox; it is founded in the assertion

4    that Amanda Cox and Lukas Cox conspired and colluded to institute a false, unfounded,

5    misleading action for the purpose of damaging Defendants.  Again, this is a separate and

6    independent cause of action, outside of Amanda Cox's sexual harassment claim.  As a result of

7    Amanda Cox's and Lukas Cox's wrongful actions, Defendants have suffered pecuniary

8    damages, including those arising in loss of reputation and loss of profits.

9    A court may not dismiss this cause of action unless it appears beyond a doubt that the

10   Defendants can prove no set of facts showing that they have been damaged.  As Defendants

11   have been damaged, Amanda and Lukas Cox cannot meet this burden, and their Motion to

12   Dismiss must be denied.

13   **C.    Amanda Cox's and Lukas Cox's Motion to Dismiss Must Be Denied as Defendants' Claims of Civil Conspiracy and Collusion are Ripe for Judicial Determination.**

14

15   Repeating their last argument, Amanda Cox and Lukas Cox again claim that

16   Defendants civil conspiracy claim must be dismissed because, "if there is no comprehensible

17   harm, there can be no liability in a civil conspiracy claim." Motion to Dismiss, Dkt. 35, p. 10.

18   In support thereof, Amanda and Lukas Cox stated there can be no damages because Amanda

19   Cox "has not claimed Lukas Cox sexually harassed her."  Motion to Dismiss, Dkt. 35, p. 10.

20   As previously stated, Defendants' civil conspiracy claim is not founded in the issue of

21   whether Lukas Cox sexually harassed Amanda Cox; it is founded in the assertion that Amanda

22   Cox and Lukas Cox conspired and colluded to institute a false, unfounded, misleading action

23   for the purpose of damaging Defendants.  Again, this is a separate and independent cause of

24   action, outside of Amanda Cox's sexual harassment claim.  As a result of Amanda Cox's and

25

26

27   DEFENDANTS' OPPOSITION TO PLAINTIFF AMANDA COX'S
     AND THIRD-PARTY DEFENDANT LUKAS COX'S RULE 12(b)(6)
     MOTION TO DISMISS DEFENDANTS' CLAIMS FOR CIVIL
     CONSPIRACY AND BREACH OF FIDUCIARY DUTY - 7
     ( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6518802.2

1   Lukas Cox's wrongful actions, Defendants have suffered pecuniary damages, to including

2   those arising in loss of reputation and loss of profits.

3       As previously stated, a court may not dismiss this cause of action unless it appears

4   beyond a doubt that the Defendants can prove no set of facts showing that they have been

5   damaged.  As Defendants have been damaged, Amanda and Lukas Cox cannot meet this

6   burden.  This is ripe for judicial determination and the Motion to Dismiss must be denied.

7   **D.**    **Amanda Cox's and Lukas Cox's Motion to Dismiss Must Be Denied as They
       Entered into an Agreement to Accomplish an Unlawful Purpose.**

8

9       Next, Amanda Cox and Lukas Cox assert that the civil conspiracy claim must be

10  dismissed because "[t]he facts alleged by Defendants, even if taken as true, in no way establish

11  by clear, cogent, and convincing evidence that Amanda Cox and Lukas Cox combined to do

12  something unlawful or to use unlawful means to achieve a lawful purpose." Motion to Dismiss,

13  Dkt. 35, p.11.  According to their argument "Amanda Cox had a legal right to file a lawsuit

14  seeking redress for the sexual harassment, retaliation, and the gender discrimination she

15  suffered while working for Defendants."  Motion to Dismiss, Dkt. 35, p. 12.  Accordingly,

16  "[t]here can be no claim for civil conspiracy when the means to achieve the conspiracy has a

17  lawful purpose or utilizes a lawful mean."  Motion to Dismiss, Dkt. 35, p. 13.  Amanda Cox

18  and Lukas Cox are, again, misconstruing or rewriting Defendant's allegations.

19      Defendants' civil conspiracy claim against Amanda Cox and Lucas Cox is not based on

20  the fact that Amanda Cox filed a sexual harassment suit against Defendants; rather it is based

21  on the illegal agreement between Amanda Cox and Lukas Cox, to misstate facts in the

22  complaint, in an effort to shield Lukas Cox from liability for his actions, thereby attributing

23  liability solely to Defendants.  Indeed, at the initiation of the Amanda Cox's lawsuit,

24  Defendants began interviewing both former and current employees, and it became evident that

25  Lukas Cox engaged in conduct alleged by Amanda Cox to be attributable to other employees

26  of Defendant Westside Pizza.  Furthermore, upon information and/or belief, Amanda Cox and

27  DEFENDANTS' OPPOSITION TO PLAINTIFF AMANDA COX'S
    AND THIRD-PARTY DEFENDANT LUKAS COX'S RULE 12(b)(6)
    MOTION TO DISMISS DEFENDANTS' CLAIMS FOR CIVIL
    CONSPIRACY AND BREACH OF FIDUCIARY DUTY - 8
    ( 3:17-cv-05495 RBL)

    **Williams, Kastner & Gibbs PLLC**
    601 Union Street, Suite 4100
    Seattle, Washington 98101-2380
    (206) 628-6600

    6518802.2

1   Lukas Cox conspired and colluded with each other "to institute this action with knowledge that

2   the allegations contained herein are false, unfounded, malicious, misleading, and with the

3   intention of wrongfully insulating Lukas Cox from personal liability, so that liability and

4   damages solely falls on Defendants." Amended Third Party Complaint, Dkt. 32, ¶¶ 33, 64.

5   Accordingly, Defendants then filed an Amended Third Party Complaint for civil conspiracy

6   against Amanda Cox and Lukas Cox.

7       While Amanda Cox's filing of a sexual harassment claim may have been legal, her

8   actions of conspiring with Lukas Cox to file the action with knowledge that the allegations

9   contained therein were false, unfounded, malicious, and misleading – for the purpose of

10  insulating Lukas to Defendants' detriment – was not legal. As alleged, Amanda Cox and

11  Lukas entered into an agreement to accomplish this unlawful purpose. Accordingly, Amanda

12  Cox's and Lukas Cox's Motion to Dismiss must be denied.

13  **E.     Defendants' Claims Against Amanda Cox and Lukas Cox Meet the Pleading
           Requirements as Required Under FRCP 9(b).**

14

15      Amanda Cox and Lukas Cox claim that Defendants' conspiracy cause of action must be

16  dismissed because it fails to "allege with sufficient factual particularity that Defendants

17  reached some explicit or tacit understanding," required by Rule 9(b). Motion to Dismiss, Dkt.

18  35, p. 15.   Rule 9(b) requires that, "when averments of fraud are made, the circumstances

19  constituting the alleged fraud be specific enough to give Defendants notice of the particular

20  misconduct ... so that they can defend against the charge and not just deny that they have done

21  anything wrong." *Vess v. Ciba-Geigy Corp*. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)

22  (internal citations omitted).   "Indeed a party alleging civil conspiracy must allege with

23  sufficient factual particularity that the parties reached some explicit or tacit understanding;

24  however, the existence of a conspiracy *may sometimes be inferred* from the nature of the acts

25  done, the relations of the parties, the interests of the alleged conspirators, and other

26

27  DEFENDANTS' OPPOSITION TO PLAINTIFF AMANDA COX'S
    AND THIRD-PARTY DEFENDANT LUKAS COX'S RULE 12(b)(6)
    MOTION TO DISMISS DEFENDANTS' CLAIMS FOR CIVIL
    CONSPIRACY AND BREACH OF FIDUCIARY DUTY - 9
    ( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6518802.2

1  circumstances." *S. Union Co. v. Sw. Gas Corp.*, 165 F. Supp. 2d 1010, 1021 (D. Ariz. 2001)

2  (internal citations omitted) (emphasis added).

3        As pled in Defendants' Second Amended Answer, Affirmative Defenses, Amended

4  Counterclaim to Complaint for Damages, And Amended Third-Party Complaint, and based on

5  the reasonable investigation and belief, Defendants have alleged with sufficient factual

6  particularity that Amanda Cox and Lukas Cox engaged in a civil conspiracy against

7  Defendants.   Specifically, Defendants have alleged that (1)[3] in filing (2)[4] the underlying

8  complaint; (3)[5] Amanda Cox and Lukas Cox; (4)[6] conspired and colluded to initiate the

9  underlying action with knowledge that the allegations contained therein were false, unfounded,

10 malicious, and misleading because the events complained of by Amanda Cox were caused by

11 Lukas Cox, (5)[7] and made with the intention of wrongfully insulating Lucas Cox from personal

12 liability.  Amended Complaint, Dkt. 32, ¶¶ 24 – 34; 58-65.  Such allegations answer the who,

13 what, when, where, why, and provides Amanda Cox and Lukas Cox with enough specific

14 details to give them notice of the particular misconduct so they may defend themselves.

15        Accordingly, the Motion to Dismiss must be denied.

16 **F.    Lukas Cox Owed and Breached his Fiduciary Duty to Defendants.**

17        Amanda Cox and Lukas Cox assert that the "idea that a supervisor, who is an agent of a

18 defendant employer, breaches a fiduciary duty to his employer when he engages in sexual

19 harassment is unsupported by any case law in Washington state."  Motion to Dismiss, Dkt. 35,

20 p. 17.  Such a proposition, again, takes a narrow view of the allegation and is inconsistent with

21 Washington law.

---

[3] When.
[4] Where.
[5] Who.
[6] What.
[7] Why.

27 DEFENDANTS' OPPOSITION TO PLAINTIFF AMANDA COX'S
AND THIRD-PARTY DEFENDANT LUKAS COX'S RULE 12(b)(6)
MOTION TO DISMISS DEFENDANTS' CLAIMS FOR CIVIL
CONSPIRACY AND BREACH OF FIDUCIARY DUTY - 10
( 3:17-cv-05495 RBL)

6518802.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    In Washington, fiduciary duties typically are divided into three categories – duty of

2    care, duty of loyalty, and duty of good faith.   *AT & T Corp. v. Walker*, No. C04-5709FDB,

3    2006 WL 2927659, at *3 (W.D. Wash. Oct. 12, 2006).   The duty of loyalty requires those to

4    act to protect the business interests, to refrain from injuring the business, and "demands

5    unselfish loyalty … free of conflict between duty and self-interest." *Id.* (internal citation

6    omitted).   The duty of care remedies loss from negligent or ill-advised decisions. *Id.* (citing *In*

7    *re Caremark Int'l. Inc. Derivative Litigation*, 698 A.2d 959, 967-70 (Del.Ch.1996).   The duty

8    of good faith is a "triad of primary fiduciary duties: due care, loyalty, and good faith." *Id.* (*Id.*

9    (internal citation omitted).   The overall goal of these duties is to protect and grow the business

10   endeavor.   *In re Caremark Int'l. Inc. Derivative Litigation*, 698 A.2d 959, 967-70

11   (Del.Ch.1996).   To successfully plead breach of fiduciary duty, Defendants must plead breach

12   of the duty, bad faith performance of duties, or intentional or knowing breach of the duty of

13   care.   *Grassmueck v. Barnett*, 281 F. Supp. 2d 1227, 1232 (W.D. Wash. 2003).   Defendants

14   have satisfied this requirement.

15   As alleged, Lukas Cox breached his fiduciary duties with the intention to fail to protect

16   and grow Defendants' business endeavors.   Defendants allege Lukas Cox breached his

17   fiduciary duties when he failed to "act with reasonable care, competence, and diligence" in the

18   furtherance of his responsibilities and engaged in acts of sexual harassment and created a

19   hostile work environment. Amended Third Party Complaint, Dkt. 32, ¶¶ 67 - 68.   Moreover,

20   Lukas Cox "pursued his own interests in engaging in the alleged acts of sexual harassment and

21   the creation of a hostile work environment."   Amended Third Party Complaint, Dkt. 32, ¶ 71.

22   As a result of Lukas Cox's breach of his fiduciary duties, Defendants suffered personal,

23   economic, and pecuniary damages.

24   Lukas Cox breached the duty owed to Defendants, and Amanda Cox's and Lukas Cox's

25   Motion to Dismiss should be denied.

26

27   DEFENDANTS' OPPOSITION TO PLAINTIFF AMANDA COX'S
     AND THIRD-PARTY DEFENDANT LUKAS COX'S RULE 12(b)(6)
     MOTION TO DISMISS DEFENDANTS' CLAIMS FOR CIVIL
     CONSPIRACY AND BREACH OF FIDUCIARY DUTY - 11
     ( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6518802.2

1   **G.      Lukas Cox Violated the Washington Law Against Discrimination.**

2           Pursuant to RCW 49.60 "it is an unfair practice for any employer to discriminate

3   against a person in terms of employment because of age, sex, marital status, race, creed, color,

4   national origin, or the presence of a disability." *Brown v. Scott Paper Worldwide Co.*, 143

5   Wash. 2d 349, 357, 20 P.3d 921, 925 (2001). The statute expressly requires broad construction

6   in order to accomplish the substantial purposes of the law. *Id.* Therefore, Courts must "view

7   with caution any construction that would narrow the coverage of the law." *Id.* (internal citation

8   omitted).

9           The direct language of RCW 49.60 "contemplates individual supervisor liability." *Id.*

10  143 Wn.2d at 358. Moreover, the Supreme Court of Washington also found support for this

11  position in viewing the legislative intent.

12          The legislative intent to hold supervisors individually liable for acts of
            employment discrimination is evidenced by chapter 49.60 RCW's clear mandate
13          to eliminate all forms of discrimination. RCW 49.60.010. The overarching
            purpose of the law is "to deter and to eradicate discrimination in Washington."
14          *Marquis v. City of Spokane*, 130 Wn.2d 97, 109, 922 P.2d 43, 46 (1996). . .
            [W]e find the strong commitment to the elimination of discrimination suggests
15          the Legislature intended both the individual supervisor who discriminates and
            the employer for whom he or she works to be held liable.
16
            Additionally, the Legislature's intent to hold supervisors personally liable is
17          manifested in RCW 49.60.220. This provision states: "[i]t is an unfair practice
            for any person to aid, abet, encourage, or incite the commission of any unfair
18          practice, or to attempt to obstruct or prevent any other person from complying
            with the provisions of this chapter or any order issued thereunder." RCW
19          49.60.220. The inclusion of this provision establishes that the Legislature
            intended to reach individual wrongdoers in the workplace, not just the
20          employers themselves. We agree with the Court of Appeals' observation in
            *Brown v. Scott Paper Worldwide Company* that it would be a strained
21          construction to hold supervisors personally accountable for their acts when they
            aid another in discrimination but not accountable when their own actions are
22          directly discriminatory. *Brown v. Scott Paper Worldwide Co.*, 98 Wash. App.
            349, 357, 989 P.2d 1187, 1191 (1999), aff'd, 143 Wn.2d 349, 20 P.3d 921
23          (2001).

24  *Brown v. Scott Paper Worldwide Co.*, 143 Wn.2d 349, 359–61, 20 P.3d 921, 927 (2001).

25

26

27  DEFENDANTS' OPPOSITION TO PLAINTIFF AMANDA COX'S                     **Williams, Kastner & Gibbs PLLC**
    AND THIRD-PARTY DEFENDANT LUKAS COX'S RULE 12(b)(6)                   601 Union Street, Suite 4100
    MOTION TO DISMISS DEFENDANTS' CLAIMS FOR CIVIL                        Seattle, Washington 98101-2380
    CONSPIRACY AND BREACH OF FIDUCIARY DUTY - 12                          (206) 628-6600
    ( 3:17-cv-05495 RBL)

    6518802.2

Now, in alleging that Defendants' fail to present "a viable claim" of Lukas Cox's violation of the Washington Law Against Discrimination, Lukas Cox rehashes three arguments. Motion to Dismiss, Dkt. 35, p. 18. First, Lukas Cox asserts that "Defendants do not have standing to assert that Lukas Cox sexually harassed Amanda Cox. However, as previously discussed in Section A, and incorporated herein, Defendants are not asserting a claim that Lukas Cox sexually harassed Amanda Cox – Defendants acknowledge that Ms. Cox has filed a claim for sexual harassment and hostile work environment against Defendants. Instead, as it relates to the Washington Law Against Discrimination, Defendants are alleging that as a supervisor and manager, Lukas Cox has individual liability for his wrongful and unlawful acts of sexual harassment and/or for creating a hostile work environment, as contemplated by the statute.

Second, Lukas Cox, again, asserts that Defendants have no damages because "Amanda Cox's complaint does not assert that she was sexually harassed by Lukas Cox." As previously stated in Section B, and incorporated herein, Amanda Cox and Lukas Cox disregard the law that the allegations within the complaint be taken as true, and ask the Court to make a determination as to whether Defendants – the non-moving party – will ultimately prevail on their claims. Amanda Cox's and Lukas Cox's request, and the attachment of an affidavit in support thereof, is not appropriate for a motion to dismiss. Moreover, even considering the attorney's self-serving affidavit – which the Court should not – an investigation into Amanda Cox's allegations revealed that Lukas Cox engaged in conduct alleged by Amanda Cox to be attributable to other Defendant Westside Pizza employees. Defendants' claim, as it relates to the Washington Law Against Discrimination, asserts that Lukas Cox should be held individually liable for these acts of sexual harassment and/or for creating a hostile work environment.

DEFENDANTS' OPPOSITION TO PLAINTIFF AMANDA COX'S AND THIRD-PARTY DEFENDANT LUKAS COX'S RULE 12(b)(6) MOTION TO DISMISS DEFENDANTS' CLAIMS FOR CIVIL CONSPIRACY AND BREACH OF FIDUCIARY DUTY - 13 ( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6518802.2

Lastly, Amanda Cox and Lukas Cox assert that Defendants failed to present a prima facie case of sexual harassment because "given the stipulation made by Amanda Cox, Defendants cannot establish that any actions of Lukas Cox were unwelcome."  Motion to Dismiss, Dkt. 35, p. 19.  This assertion fails for several reasons.  First, as previously stated in Section B, and incorporated herein, Defendants again disregard the law that the allegations within the complaint be taken as true, and ask the Court to make a determination as to whether Defendants – the non-moving party – will ultimately prevail on their claims;  Amanda Cox's and Lukas Cox's requests, and the attachment of an affidavit in support thereof, is not appropriate for a motion to dismiss.  Next, as discussed *supra*, Defendants are not making a claim for sexual harassment; Defendants are alleging that as a supervisor and manager, Lukas Cox has individual liability for his wrongful and unlawful acts of sexual harassment and/or for creating a hostile work environment, as contemplated by the statute.

Accordingly, Defendants have made a valid claim for individual liability against Lukas Cox, pursuant to the Washington Law Against Discrimination.  Accordingly, Amanda Cox's and Lukas Cox's Motion to Dismiss should be denied.

**H.      As a Matter of Public Policy, Plaintiff and Defendants Have the Right To Seek Redress in Court for All Alleged Actions.**

Lastly, Amanda Cox and Lukas Cox assert that public policy requires this court to dismiss Defendants' actions as Defendants are retaliating against Amanda Cox "because she exercised her right to file a lawsuit." Motion to Dismiss, Dkt. 35, p. 20.  Additionally, Amanda Cox and Lucas Cox assert that Defendants are retaliating against Lukas Cox "because of his association with Amanda Cox."  Amanda Cox's and Lukas Cox's position is conclusory, not based in any law, and is without merit.  *Id.*

Amanda Cox and Lukas Cox provide no support for their assumption that Defendants' legal causes of action are retaliatory and require dismissal.  Amanda Cox and Lukas Cox provide no case law stating that an employer is barred from bringing a lawsuit against an

DEFENDANTS' OPPOSITION TO PLAINTIFF AMANDA COX'S
AND THIRD-PARTY DEFENDANT LUKAS COX'S RULE 12(b)(6)
MOTION TO DISMISS DEFENDANTS' CLAIMS FOR CIVIL
CONSPIRACY AND BREACH OF FIDUCIARY DUTY - 14
( 3:17-cv-05495 RBL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6518802.2

1    employee who has engaged in projected activity, as none exist.  Nor do plaintiff make any

2    showing that the causes of action against them are baseless or not brought in good faith.

3        Indeed, Amanda Cox and Lukas Cox sole position is that they should get a "*get out of*

4    *jail free card*," allowing them to file a lawsuit against their employer, but prohibiting the

5    employer from filing any lawsuit against them (collectively or individually) for any legal

6    violations.  To prohibit Defendants to do something that the law plainly allows him to do is a

7    due process violation of the most basic sort.

8        Just as Amanda Cox is allowed to exercise her right to file suit against Defendants

9    based on her allegations and beliefs, so should Defendants.  Contrary to Amanda Cox and

10   Lukas Cox's assertions, Defendants claims against both Amanda Cox and Lukas Cox cannot be

11   boiled down to alleged retaliation against Amanda Cox and association by Lukas Cox with

12   Amanda Cox.

13       Amanda Cox initiated a suit against Defendants in this case— Amanda Cox has the

14   right to do so.  However, she unlawfully attributed the acts of Lukas Cox to Defendants and

15   conspired with Lukas Cox in doing so.  While Amanda Cox and Lukas Cox request the Court

16   not to chill their action, they do so by asking the Court to chill Defendants' action.  Defendants

17   are also entitled to justice and to have their claims adjudicated in this matter especially in light

18   of the peculiar circumstances presented.

19       Accordingly, Amanda Cox's and Lukas Cox's Motion to Dismiss must be denied.

20                                    V.  <u>CONCLUSION</u>

21       For the above stated reasons, this Court should enter an order denying Plaintiff Amanda

22   Cox's and Third-Party Defendant Lukas Cox's Rule 12(b)(6) Motion to Dismiss Defendants'

23   Claims for Civil Conspiracy, Breach of Duty and Washington Law Against Discrimination.

24

25

26

27   DEFENDANTS' OPPOSITION TO PLAINTIFF AMANDA COX'S        **Williams, Kastner & Gibbs PLLC**
     AND THIRD-PARTY DEFENDANT LUKAS COX'S RULE 12(b)(6)     601 Union Street, Suite 4100
     MOTION TO DISMISS DEFENDANTS' CLAIMS FOR CIVIL          Seattle, Washington 98101-2380
     CONSPIRACY AND BREACH OF FIDUCIARY DUTY - 15            (206) 628-6600
     ( 3:17-cv-05495 RBL)

     6518802.2

1    DATED this 18th day of June, 2018.

2                                       s/ Jerome L. Rubin
3                                       s/ Reshvin Sidhu
                                        Jerome L. Rubin, WSBA #5803
4                                       Reshvin Sidhu, WSBA #51553
                                        WILLIAMS, KASTNER & GIBBS PLLC
5                                       601 Union Street, Suite 4100
                                        Seattle, WA 98101-2380
6                                       Telephone:  (206) 628-6600
                                        Fax:  (206) 628-6611
7                                       jrubin@williamskastner.com
                                        rsidhu@williamskastner.com
8
                                        s/ Patrick M. Irwin
9                                       Patrick M. Irwin, WSBA #30397
10                                      Platt Irwin Law Firm
                                        403 South Peabody Street
11                                      Port Angeles, WA  98362
                                        Ph: (360) 457-3327
12                                      Fax: (360) 472-5010
                                        pmirwin@plattirwin.com
13
14                                      *Attorneys for Defendants Cash Flow*
                                        *Investments, Inc., d/b/a Westside Pizza, a*
15                                      *Washington corporation; and Tanner*
                                        *Stephens, and his marital community*
16

17

18

19

20

21

22

23

24

25

26

27    DEFENDANTS' OPPOSITION TO PLAINTIFF AMANDA COX'S        **Williams, Kastner & Gibbs PLLC**
      AND THIRD-PARTY DEFENDANT LUKAS COX'S RULE 12(b)(6)     601 Union Street, Suite 4100
      MOTION TO DISMISS DEFENDANTS' CLAIMS FOR CIVIL          Seattle, Washington 98101-2380
      CONSPIRACY AND BREACH OF FIDUCIARY DUTY - 16            (206) 628-6600
      ( 3:17-cv-05495 RBL)

      6518802.2

1

## <u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on this day, I electronically filed the foregoing with the Clerk of

3   the Court using the CM/ECF system which will send notification of such filing to the

4   following:

5

| _Attorneys for Plaintiff and Third Party Defendant_ | |
|---|---|
| Scott C.G. Blankenship<br>Mark Allen Anderson<br>The Blankenship Law Firm P.S.<br>1000 Second Avenue, Suite 3250<br>Seattle, WA  98104<br>Ph:  (206) 343-2700<br>Fax: (206) 343-2704<br>sblankenship@blankenshiplawfirm.com<br>manderson@blankenshiplawfirm.com | |

6

7

8

9

10

11

12

13

14      DATED this 8th day of June, 2018.

15                                          s/ Jerome L. Rubin
                                            _____
16                                          Jerome L. Rubin, WSBA #5803
                                            WILLIAMS, KASTNER & GIBBS PLLC
17                                          601 Union Street, Suite 4100
                                            Seattle, WA 98101-2380
18                                          Telephone:  (206) 628-6600
                                            Fax:  (206) 628-6611
                                            jrubin@williamskastner.com
19

20

21

22

23

24

25

26

27   DEFENDANTS' OPPOSITION TO PLAINTIFF AMANDA COX'S          **Williams, Kastner & Gibbs PLLC**
     AND THIRD-PARTY DEFENDANT LUKAS COX'S RULE 12(b)(6)        601 Union Street, Suite 4100
     MOTION TO DISMISS DEFENDANTS' CLAIMS FOR CIVIL            Seattle, Washington 98101-2380
     CONSPIRACY AND BREACH OF FIDUCIARY DUTY - 17             (206) 628-6600
     ( 3:17-cv-05495 RBL)

     6518802.2