HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMANDA COX,

        Plaintiff,

  v.

CASH FLOW INVESTMENTS, INC., et al.,

        Defendants and Third Party Plaintiffs,

  v.

LUKAS COX,

        Third Party Defendant

CASE NO. C17-5495 RBL

ORDER

THIS MATTER is before the Court on Plaintiff Amanda Cox's and Third Party Defendant Lukas Cox's Motion to Dismiss [Dkt # 35] Defendant Cash Flow Investments' and Tanner Stephens' civil conspiracy, breach of fiduciary duty and WLAD claims.

ORDER - 1

Stephens owns Cash Flow, and together they own and operate a Westside Pizza franchise in Clallam County (presumably, Port Angeles). Lukas Cox was hired as a delivery driver at Westside Pizza in May 2012. In July 2014, he became the restaurant's General Manager. Amanda Cox was apparently[1] employed at the restaurant in some capacity during this period, and at some point she too became a manager. Lukas and Amanda became romantically involved while they worked together, and they were married in January 2105. On March 14, 2015, Amanda was terminated for reasons that are not disclosed. Lukas resigned the same day.

Two years later, Amanda sued, alleging that Tanner Stephens and other unnamed male employees at Westside Pizza sexually harassed her, subjected her to a hostile work environment, discriminated against her (in the form of lesser pay for the same work, and by subjecting her to higher performance standards), and retaliated against her for complaining about these things directly to the restaurant's owner and president, Stephens. She asserts Title VII, Washington Law Against Discrimination, Equal Pay Act (EPA), and Washington Equal Pay Act (WEPA) claims.

Almost a year later, Cash Flow and Stephens moved to amend their answer to assert counterclaims and third party complaints for civil conspiracy (Amanda and Lukas), breach of fiduciary duty (Lukas) and violations of WLAD (Lukas), claiming they had "learned" that Lukas was the harasser. Cox opposed the motion, claiming the amendment was futile and sought in bad faith. Cash Flow successfully argued that those factors applied in the Rule 15 amendment context, but not in the context of third party practice, or the joinder of necessary parties, under Rules 14 and 19. The Court permitted the amendment. Defendants claim that Lukas knew of, participated in, and failed to report the alleged harassment, violating his fiduciary duty to Cash

---

[1] The complaint and the parties' briefing do not articulate the dates of her employment, or her duties, the date of her promotion, or why she was terminated.

Flow. They assert a civil conspiracy claim, alleging that Amanda failed to inform the EEOC that Lukas was "responsible for" enforcing Westside Pizza's nondiscrimination and anti-sexual harassment policies, and alleging that Lukas's sexual innuendo to Amanda was welcome and the two conspired to have Amanda sue Defendants for the conduct of Lukas, for the benefit of the marital community (even though Amanda is the sole plaintiff). Finally, Defendants assert a WLAD claim against Lukas, based incongruously on the claim that while no one else harassed Amanda, Lukas did, and as a supervisor he is liable, to *them*, for damages.

Amanda and Lukas seek dismissal of all three claims under Rule 12(b)(6). They claim that Amanda has never alleged that Lukas harassed Amanda (and will stipulate that he did not) and that she alone—and certainly not her employer—has standing to assert a WLAD claim based on her own experiences.

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations

must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c) is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to motions brought under either rule. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 647 F.3d 1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion).

The Court is concerned that something does not smell right about this case. Both parties seem to intentionally avoid answering obvious questions about the limited facts they allege: who *did* harass Amanda, other than Stephens? The offensive words they used are repeated, repeatedly, but the names and dates are not. And what did Lukas do? When? Defendants appear to claim that Lukas was vicariously liable for the situation, because he failed to report it. But why was he charged with knowledge, when Stephens is not? Why was Cox fired? Presumably it was not Lukas who fired her; obviously someone else with that authority had some inkling of what was going on in the restaurant.

The answers to these questions will await trial. For now, the notion that a corporate employer can plausibly assert an affirmative WLAD claim for damages against its own employee manager by alleging that he—and not those accused by the victim employee—was the actual harasser, is unsupported by law or logic. Defendants cite literally no authority for their WLAD claim against Lukas, even accepting as true their claim that he was the sole harasser. The

cases they do cite speak of "supervisor liability" *to the plaintiff victim of the harassment*; not liability to the supervisor's corporate employer. The fact Lukas was romantically involved with the subordinate employee does not change the calculus. As he claims, *Iqbal* does not require the Court to accept a party's legal conclusions as true. Whether or not this claim was asserted in bad faith (or at the very edge of Rule 11), it is dead on arrival. The Motion to Dismiss the Defendants' WLAD claim against Lukas is GRANTED, and that claim is DISMISSED with prejudice.

Similarly suspect is the "breach of fiduciary duty" claim against Lukas. At no point do the Defendants articulate the source of Lukas's fiduciary duty to them. Their best articulation of this claim is purely conclusory:

> As alleged, Lukas Cox breached his fiduciary duties with the intention to fail to protect and grow Defendants' business endeavors. Defendants allege Lukas Cox breached his fiduciary duties when he failed to "act with reasonable care, competence, and diligence" in the furtherance of his responsibilities and engaged in acts of sexual harassment and created a hostile work environment. Amended Third Party Complaint, Dkt. 32, ¶¶ 67 - 68. Moreover, Lukas Cox "pursued his own interests in engaging in the alleged acts of sexual harassment and the creation of a hostile work environment." Amended Third Party Complaint, Dkt. 32, ¶ 71. As a result of Lukas Cox's breach of his fiduciary duties, Defendants suffered personal, economic, and pecuniary damages.

[Dkt. # 39 at 11].

There are literally no facts articulated in support of this claim; no dates, no conduct that he was aware of, no conduct that he engaged in. It is simply not plausible—it defies common sense—to simultaneously deny that Amanda was harassed and affirmatively assert that Lukas harassed her so badly that the *defendants* suffered damage. The Motion to Dismiss this claim is GRANTED and the Defendants' breach of fiduciary duty claim against Third Party Defendant Lukas Cox is DISMISSED with prejudice.

1 | The Defendants' civil conspiracy claim is a closer question. Whether Defendants can ultimately prove by clear, cogent, and convincing evidence that Amanda and Lukas conspired to turn Lukas's harassment of Amanda into a claim for damages against Stephens (by alleging that he participated in, knew about, or did nothing about harassment by him and others), *and* that they suffered damages as the result, is a question of fact better resolved on summary judgment, or perhaps at trial. That Lukas and Amanda are married is not alone enough to sustain this claim. Nevertheless, it is not susceptible to resolution under Rule 12. The Motion to Dismiss this claim is DENIED.

IT IS SO ORDERED.

Dated this 7th day of August, 2018.

_____
Ronald B. Leighton
United States District Judge