|   |   |   |
|---|---|---|
| | HONORABLE RONALD B. LEIGHTON | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMANDA COX,

        Plaintiff,

   v.

CASH FLOW INVESTMENTS, INC., et al.,

        Defendants and Third Party Plaintiffs,

   v.

LUKAS COX,

        Third Party Defendant

CASE NO. C17-5495 RBL

ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Defendant Cash Flow's[1] Motion for Reconsideration [Dkt. # 47] of the Court's Order [Dkt. # 45] granting in part the Coxes' Motion to Dismiss [Dkt. # 35].

---

[1] And Tanner Stephens. The Court uses the singular for ease of reference.

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Cash Flow argues that it can plausibly plead a WLAD claim against Lukas Cox for harassing his wife and co-worker, Amanda Cox, though Amanda denies that Lukas harassed her. It cites no case suggesting (much less holding) that the WLAD permits the employer of a sexual harasser can sue and recover damages from its employee for harassing someone else. This is not a plausible claim, and the Motion to Reconsider its dismissal is DENIED.

Cash Flow also seeks reconsideration of the dismissal of its "breach of fiduciary duty" claim against Lukas, which it formerly employed as a pizza delivery driver and, eventually, a manager. It rather boldly states that "Washington enforces a fiduciary duty on every employee."

This claim too suffers from a lack of citation. It is clear that for some purposes, an employee is an *agent*, and if a delivery driver causes an accident while delivering a pizza, the driver's employer (his principal) will be vicariously liable to the third party for the damages he suffered. But "agent" and "fiduciary" are not synonyms. In a fiduciary relationship, one party "occupies such a relation to the other party as to justify the latter in expecting that his interests will be cared for." *Liebergesell v. Evans*, 93 Wash.2d 881, 889–90, 613 P.2d 1170 (1980)(quoting Restatement of Contracts § 472(1)(c) (1932)). A fiduciary relationship arises as a matter of law in certain relationships such as attorney and client, doctor and patient, or trustee and beneficiary. *See Kitsap Bank v. Denley,* 177 Wash. App. 559, 574 (2013). Corporate officers and directors clearly owe fiduciary duties to the corporation. But a low-level custodian or secretary does not owe that same corporate employer a fiduciary duty akin to the one a lawyer

//

//

//

owes her client. The claim that she does is not plausible. The Motion for Reconsideration on this point is DENIED.

IT IS SO ORDERED.

Dated this 23rd day of August, 2018.

Ronald B. Leighton
United States District Judge